# No. 24-10518

---

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

---

CARA WESSELS WELLS

Plaintiff - Appellant,

v.

TEXAS TECH UNIVERSITY; SAMUEL PRIEN; LINDSAY PENROSE,

Defendants - Appellees.

---

### On Appeal from
United States District Court for the Northern District of Texas

5:23-CV-60

---

## REPLY BRIEF OF APPELLANT CARA WELLS

---

SUBMITTED BY:
WILLIAM BREWER, IV
wbb@brewerattorneys.com
BREWER, ATTORNEYS & COUNSELORS
750 Lexington Avenue, 14th Floor
New York, NY 10022
Counsel  for  Plaintiff-Appellant
Cara Wessels Wells

# TABLE OF CONTENTS

**Contents**                                                        **Page(s)**

TABLE OF CONTENTS ........................................................................... i

TABLE OF AUTHORITIES .................................................................. iii

ISSUES PRESENTED ............................................................................1

SUMMARY OF ARGUMENT ................................................................2

STANDARD OF REVIEW .....................................................................3

ARGUMENT ..........................................................................................4

    I.    Wells' Title VII claims against TTU were improperly dismissed. .................4

        A.    Wells' Title VII claims are timely. ..........................................................4

        B.    Wells alleges she was an employee for purposes of Title VII. ................4

        C.    Wells states a claim for retaliation.........................................................6

        D.    Wells states a continuing violation claim. ...............................................7

    II.    Wells' Title IX claim was improperly dismissed. ......................................8

        A.    Wells' Title IX claims are timely. ..........................................................8

        B.    Wells adequately states a claim under Title IX. ......................................8

III.    Wells' claims for unjust enrichment, breach of fiduciary duty, trade secret misappropriation, and tortious inference with contract were improperly dismissed. ........................................................................................9

IV.    Wells trade secret misappropriation claim is adequately pleaded. ............10

V.    Wells should have been afforded an opportunity to amend.......................11

CONCLUSION ........................................................................................11

CERTIFICATE OF SERVICE ................................................................13

CERTIFICATE OF COMPLIANCE .......................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bitterman v. Zink*,
  371 F.Supp.3d 974 (D.N.M. 2019) ...................................................................5

*Haavistola v. Community Fire Co. of Rising Sun, Inc.*,
  6 F.3d 211, 221 (4th Cir.1993) .............................................................5

*Johnston v. Espinoza Gonzalez*,
  2016 WL 7188524 (D. Colo. Dec. 12, 2016) ........................................5

*Juino v. Livingston Par. Fire Dist. No. 5*,
  717 F.3d 434 (5th Cir. 2013) ................................................................6

*Long v. Eastfield Coll.*
  88 F.3d 300 (5th Cir. 1996) ..................................................................7

*Morin v. Caire*,
  77 F.3d 116, 120 (5th Cir. 1996) ........................................................3

*Nat'l Railroad Passenger Corp v. Morgan*,
  122 S.Ct. 2061 (2002) ..........................................................................7

*Weaver v. City of Runaway Bay, Texas*,
  2020 WL 13607739 (N.D. Tex. Feb. 11, 2020) ....................................5

**Statutes**

Civ. Prac. & Rem. Code Sections 101.106(e) and 101.106(f).............................1, 9

# ISSUES PRESENTED

1. Did the District Court err in dismissing Plaintiff's Title VII sexual harassment claims as untimely and Plaintiff's Title VII retaliation claims as untimely and implausibly alleged?

2. Did the District Court err in dismissing Plaintiff's Title IX claim as untimely, for lack of standing, and for failure to state a claim?

3. Did the District Court err in dismissing Plaintiff's state tort law claims for unjust enrichment, breach of fiduciary duty, trade secret misappropriation, and tortious interference with contract relations on the basis that they were immune pursuant to the Texas Civil and Practice Remedies Code Sections 101.106(e) and 101.106(f)?

4. Did the District Court err in dismissing Plaintiff's trade secret misappropriation claim for failure to state a claim?

5. Did the District Court err in denying Plaintiff's request for leave to amend her complaint?

## SUMMARY OF ARGUMENT

Defendants-Appellees argue in their brief in opposition (the "Opposition") that the Court should affirm the district court's dismissal of all of Wells' claims and affirm the denial of her request for leave to amend. Wells' claims on appeal were dismissed in error.

First, the Opposition argues that Wells' Title VII claims are untimely and fail to plead an employment relationship. But Wells' Title VII harassment claims are timely, as she was an employee until June 2022 and filed her EEOC charge in November 2022, well within the limitations period. Likewise, Wells' Title VII retaliation claims are timely, as the retaliation is alleged to have occurred within the relevant period.

The Opposition argues that Wells' Title IX claims are untimely and fail to allege that she is protected by Title IX or that TTU was deliberately indifferent. But Wells' claims are timely, because the alleged conduct accrued within the two-year statutory period. Further, Wells adequately pleaded her Title IX claim based on retaliatory conduct, and because she pleads notice and indifference.

Further, the Opposition asserts that Wells' state tort claims are barred by Tex. Civ. Prac. & Rem. Code Section 110.106(e) and (f). But Individual defendants are not immune from Plaintiff's state tort law claims for unjust enrichment, breach of fiduciary duty, trade secret misappropriation, and tortious interference with contract

relations as their conduct does not all arise out of the same conduct alleged against the Texas Tech University ("TTU") and is not within the Individuals' scope of employment.

The Opposition goes on to argue that Wells' trade secret misappropriate claim fails to state a cause of action. But Plaintiff's statutory trade secret misappropriation claim sufficiently pleads each element required.

Finally, the Opposition argues that leave to amend was rightly denied given "incurable" defects. But Wells' request for leave to amend was denied without the benefit of any discovery or the Court's decision, and additional facts could be alleged to support her claims.

The dismissal of Wells' claims for violations of Title VII, violations of Title IX, unjust enrichment, breach of fiduciary duty, trade secret misappropriation, and tortious inference should be reversed and remanded. The district court's refusal to allow Wells an opportunity to amend after the decision should also be reserved.

## STANDARD OF REVIEW

The district court's grant of a motion to dismiss is subject to de novo review.[1]

---

[1] *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

## ARGUMENT

### I.   Wells' Title VII claims against TTU were improperly dismissed.

#### A. Wells' Title VII claims are timely.

The Opposition asserts that Wells' Title VII claims were properly dismissed because Wells filed "well beyond the statutory deadline for exhausting her claims." But Wells alleges that she was an employee through June 2022, making her charge filed in November 2022 well within the applicable limitations period. (Br. 11; ROA.134 (¶ 30))

#### B. Wells alleges she was an employee for purposes of Title VII.

Nevertheless, the Opposition asserts that Wells was not an employee of TTU since 2017, and that her position in 2022 does not qualify her for Title VII protections. In support, the Opposition argues that Wells fails to meet the Court's two-step inquiry for whether a non-traditional hire may be considered an employee, because Wells' allegations consist only of "purely incidental" benefits, relying on the district court's reasoning. (Opp. at 15). The Opposition also argues that Wells' position fails to satisfy the common law control test also used to determine whether an employment relationship exists, focusing on what Wells does not allege rather than what she does. (Opp. at 16-17).

Wells alleges facts that satisfy the threshold remuneration test through indirect benefits as well as the common law control test. (ROA.154-55 (¶¶ 108-110)). She alleges that the Accelerator Hub was the product of a rigorous interview process,

including background checks and onboarding procedures. (ROA.154 (¶ 110)). Having been accepted via this rigorous process, Wells was marketed via the TTU website which was in her field indirect compensation. ((ROA.154-55 (¶ 110)). Importantly, the Accelerator Hub was used to transform mentors into full-time roles or partnerships, which Wells alleges she intended to use her position to accomplish. (ROA.155 (¶ 111)).

The Opposition fails to address that courts in this Circuit have recognized volunteer positions that "regularly lead[] to regular employment" as "compelling" basis upon which to confer employee status.[2]  Although only persuasive, other Circuits applying a similar test have noted that a determination as to whether a plaintiff's role qualified as an "employee" is a question for the factfinder in appropriate for dismissal where, as here, the proceeding is only at the motion to dismiss stage.[3]

Further, Wells' allegations satisfy the common law control test, as Wells alleged, e.g., that the position took place at TTU, was under the direction of TTU

---

[2] *Weaver v. City of Runaway Bay, Texas*, 2020 WL 13607739, at *4 (N.D. Tex. Feb. 11, 2020); *see also Bitterman v. Zink*, 371 F.Supp.3d 974, 981 (D.N.M. 2019); *Johnston v. Espinoza Gonzalez*, 2016 WL 7188524 (D. Colo. Dec. 12, 2016).
[3] *See e.g., Haavistola v. Community Fire Co. of Rising Sun, Inc.*, 6 F.3d 211, 221 (4th Cir.1993).

and its professors, was in the regular business of TTU, and fully at TTU and its professors' discretion. (ROA.128-156)[4]

Because Wells plausibly alleges she was an employee through June 2022, her Title VII claims are timely.

### C. Wells states a claim for retaliation.

The Opposition argues that Wells' retaliation claims are untimely because she was last employed by TTU in 2017 and any adverse actions in 2022 are "too attenuated to establish causation." (Opp. at 20-21).

But Wells alleges that she reported misconduct in 2020 and was retaliated against in June 2022, while she was an employee of TTU (as argued in Wells' opening brief and above), and as late as February 2023. (Br. at 13). As a result, a charge filed in November 2022 is not untimely. However, even if Wells was not an employee in 2022, and her employment relationship ended in 2017, she adequately alleges the at-issue causation element of her retaliation claim as a former employee as well. Wells alleges that she engaged in protected activity regarding Defendants (ROA.153-54 (¶¶ 105-107)), and that in response Defendants engaged in a campaign of retaliation against her by, *inter alia*, terminating Dr. Wells' mentorship and publicly blacklisting her from University sanctioned relationships and, on June 10,

---

[4] *Juino v. Livingston Par. Fire Dist. No. 5*, 717 F.3d 434 (5th Cir. 2013).

2022, sent an email blacklisting Wells from the community. (ROA.155 (¶ 112)). That is sufficient to allege a causal connection in support her retaliation claim.[5]

### D. Wells states a continuing violation claim.

The Opposition also asserts that Wells fails to state a continuing violation claim under Title VII, arguing, again, that she was not an employee during the misconduct by Defendants-Appellees. Rather, the Opposition argues, Wells should have brought a claim in 2017, rather than "sitting back and accumulating alleged discriminatory acts and suing on all of those alleged acts over five years . . ." (Opp. at 25).

Putting aside the callousness of the Opposition's description of the discriminatory misconduct Wells faced, the Opposition ignores that it is the gravamen of the continuous violation doctrine that as long as an "act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court."[6] Wells' adequately alleges a severe and pervasive hostile work environment consisting of continuing violations of Title VII, making her claims timely. Wells alleges an alarming set of employment practices perpetrated and condoned by TTU over the course of her tenure, and ending with not only the publication of the harmful emails in June 2022 but continuing with harmful

---

[5]  *See Long v. Eastfield Coll.* 88 F.3d 300, 305 n.4 (5th Cir. 1996).
[6] *Nat'l Railroad Passenger Corp v. Morgan,* 122 S.Ct. 2061, 2071 (2002).

and retaliatory actions continuing through at least February 2023. ROA.154-56 (¶¶ 110-115, 117) Because the last of the series of acts occurred well within the limitations period, the hostile work environment claim is timely.

## II. Wells' Title IX claim was improperly dismissed.

### A. Wells' Title IX claims are timely.

The Opposition asserts that Wells' Title IX claim was properly dismissed because Wells was not a TTU student since 2017, and as a result her claims filed in 2023 fall outside of the 2 year statute of limitations period. However, as the Opposition recognizes (Opp. at 28), a claim may accrue when the plaintiff became aware of the injury. (Br. at 16). And although Wells may certainly have been aware of certain of the misconduct she suffered, Wells alleges that she only later became aware of certain of the harmful misconduct that occurred during and after her tenure at TTU—including her removal from academic articles and the dissemination of false and harmful information about her. (ROA.152-53 (¶¶ 101, 102-104), 155-56 (¶¶ 114-115, 117) 158 (¶ 146)). Importantly, Wells alleges that the continuing violations of her Title IX rights occurred over a period of years. (ROA.137-156. (¶¶ 37, 39, 41, 45, 54-60) 143-145 (¶¶ 65-70, 72) 149-156 (¶¶ 89-94, 96-104, 105-107, 109, 111-117)).

### B. Wells adequately states a claim under Title IX.

The Opposition argues that Wells fails to plead sufficient facts to support her Title IX claim, including that she reported sexual discrimination to authorized

officials or that TTU was deliberatively indifferent to the report. But Wells alleges that she reported the misconduct of Dr. Prien and Dr. Penrose to Mark Sheridan, Vice Provost for Graduate and Postdoctoral Affairs and Dean of the Graduate School, (ROA.153-54 (¶ 106)) and that high ranking individuals at TTU perpetrated much of the misconduct, including the TTU System Commercialization Director of the Office of Research Commercialization, the Vice President for Research and Innovation, Executive Director of the technology transfer office, Office of the General Counsel for TTU, TTU's outside IP counsel, and individuals with control over TTU's website. (ROA.149-50 (¶¶ 90-94), 152 (¶¶ 102-104), 155 (¶ 112-114), 156 (¶ 116)). Thereafter, TTU failed to investigate after hearing input from Wells, Prien, and Penrose, Wells' complaints of having to share hotel rooms with her professors, and subsequent adverse actions without justification or explanation. (ROA.131 (¶¶ 13-14), 153-54 (¶¶ 105-106), 155-56 (¶¶ 112, 117)). These elements of the claim are adequately pleaded, and at the very least merit discovery.

### III.    Wells' claims for unjust enrichment, breach of fiduciary duty, trade secret misappropriation, and tortious inference with contract were improperly dismissed.

The Opposition asserts that Wells' tort claims were properly dismissed pursuant to both Section 101.106(e) and 101.106(f). As to 101.106(e), the Opposition argues that the court properly held that the Section requires irrevocable election of remedies as against a governmental unit and its employees. But, as the

District Court recognized, these claims were not directly alleged against TTU. (ROA.315). As the opening brief argues, Wells' allegations regarding Prien and Penrose's misconduct for the foregoing torts is distinct from the allegations in support of the claims that were asserted against TTU. The mere fact that the same individuals were involved does not render the claims against the Individuals that were not asserted against TTU subject to dismissal. (Br. 18-19).

As to 101.106(f), the Opposition cites the District Court's finding that Prien and Penrose were acting within the scope of their employment. But, at the pre-discovery motion to dismiss stage, Wells plausibly alleges that Prien and Penrose were acting outside the scope of their employment, including, inter alia, that they were able to improperly enrich themselves apart from their employment. (ROA.161-64 (¶¶ 169-210).

## IV.    Wells trade secret misappropriation claim is adequately pleaded.

The Opposition asserts that Wells fails to allege that she owned a trade secret that derived value from not being known or that she took any steps to protect it. (Opp. at 42). However, Wells alleged that the trade secret involved information regarding a "sex selection study" she performed in connection with Simplot's agribusiness and derived independent economic value and that there were efforts to keep the information secret. (ROA.146-47 (¶81), 151 (¶¶ 96-98)). She further alleges that there was a non-disclosure agreement between Prien and Wells. (ROA.151 (¶

96)). Dr. Prien improperly acquired the information and then disclosed it for his own benefit. (ROA.151 (¶¶ 96-99)). Dr. Prien's submission of the data as support for his abstract qualifies as use of the trade secret, and this use resulted in harm to Dr. Wells. (ROA.151-52 (¶¶ 96-100)). She adequately pleaded the claim.

## V. Wells should have been afforded an opportunity to amend.

Faced with an atypical stay of discovery and without the benefit of the Court's initial decision on a motion to dismiss, Wells' complaint was dismissed based on determinations regarding numerous factual issues without an opportunity to amend, many of which could have been addressed had Wells been given the opportunity. Wells therefore respectfully requests that the denial of leave to amend be reversed.

## CONCLUSION

For the foregoing reasons, Wells seeks reversal of the Decision with respect to claims for Title VII violations, Title IX violations, unjust enrichment, breach of fiduciary duty, trade secret misappropriation, tortious interference with contractual relations, and statutory trade secret misappropriation. Wells requests that the Court reverse the District Court's denial of her request for leave to amend her pleading.

Respectfully submitted,

*/s/ William Brewer, IV*
**William Brewer, IV**
wbb@brewerattorneys.com
BREWER, ATTORNEYS & COUNSELORS
750 Lexington Avenue, 14th Floor
New York, NY 10022
(212) 489-1400 (office)
(212) 751-2849 (telecopier)
Counsel for Plaintiff-Appellant
Cara Wessels Wells

# CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on November 6, 2024, on all registered counsel of record, and has been transmitted to the Clerk of the Court.


*/s/ William Brewer, IV*
**William Brewer, IV**

# CERTIFICATE OF COMPLIANCE

1.     This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), and 5th CIR. R32.1:

- this document contains 2344 words.

2.     This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because:

- this document has been prepared in a proportionally spaced typeface using Microsoft Word 2011 with a 14-point font named Times New Roman.

*/s/ William Brewer, IV*
**William Brewer, IV**
**Counsel of Record for Plaintiff-Appellant**
**Cara Wessels Wells**

Dated: November 6, 2024

4887-2239-9477.3

14